UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER TAYLOR,

                    Plaintiff,

          -against-

AMERICA THE COUNTY AMERICA;
PRESIDENT JOE BIDEN,

                    Defendants.

23-CV-9083 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Christopher Taylor, currently incarcerated in the Colorado State Penitentiary, in

Cañon City, Colorado, brings this action *pro se*. By order dated November 11, 2023, the Court

granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of

fees. Plaintiff is barred, however, under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C.

§ 1915(g), from filing any new federal civil action IFP while he is a prisoner. Accordingly, the

Court revokes Plaintiff's IFP status and dismisses this action without prejudice under Section

1915(g).

## DISCUSSION

**A.     Three Strikes Analysis**

Under the PLRA:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). Although this Court initially found in this action that Plaintiff was not barred under

Section 1915(g), the Court now concludes that he has accrued three strikes and is barred from

proceeding IFP in this action.

The Court first addresses a prior order finding that Plaintiff is barred from proceeding IFP under Section 1915(g). In *Taylor v. FBI NY*, No. 19-CV-8640 (LTS) (S.D.N.Y. Oct. 22, 2019), the Court dismissed Plaintiff's complaint under Section 1915(g), based on a decision issued in the District of Colorado, finding that Plaintiff had accrued three "strikes" and was barred from proceeding IFP. *See Taylor v. Limon State Prison Colo.*, 1:19-CV-0762, 14 (D. Colo. June 19, 2019) ("Colorado Decision").

After the Court found that Plaintiff was barred under Section 1915(g), the United States Court of Appeals for the Second Circuit decided *Escalera*, a decision that required district courts to conduct their own "independent review" of court decisions that treat certain dismissals as strikes. *See Escalera v. Samaritan Vill.*, 938 F.3d 381-82 (2d Cir. 2019) (per curiam). The Court of Appeals also noted that district courts should not treat the dismissal of an action as a strike if it was dismissed for both Section 1915(g) and non-1915(g) grounds, commonly referred to as "mixed dismissals." *See id.*

In this action, the Court conducted its own independent review under *Escalera*, and determined that the three dismissals considered as strikes in the Colorado Decision are not strikes because the dismissals were based on Section 1915(e)(2)(B)(iii), which does not qualify as a strike under the PLRA.[1] *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action [IFP] if the prisoner has . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]").

---

[1] The three dismissed actions treated as strikes are: *Taylor v. Colorado*, No. 18-CV-2323 (LTB) (D. Colo. Sept. 17, 2018) (dismissed under Section 1915(e)(2)(B)(i) and (iii)); *Taylor v. Denver's FBI*, No. 18-CV-2643 (LTB) (D. Colo. Jan. 9, 2019) (dismissed under Section 1915(e)(2)(B)(iii)); *Taylor v. Colorado*, No. 19-CV-0617 (LTB) (D. Colo. Mar. 7, 2019) (same).

Accordingly, the Court granted Plaintiff's IFP application. After further review, however, the Court determined that Plaintiff is barred under Section 1915(g) because he has accrued at least three strikes. *See Taylor v. FBI NY*, No. 19-3972 (2d Cir. Apr. 30, 2020) (dismissing appeal as frivolous); *Taylor v. Kings Cnty WA*, No. 21-CV-1182 (MJP) (W.D. Wash. Oct. 14, 2021) (dismissing complaint as frivolous and for failure to state a claim); *Taylor v. Ferguson*, No. 20-CV-1262 (BHS) (W.D. Wash. Nov. 16, 2020) (dismissing complaint for failure to state a claim); *Taylor v. Microsoft*, No. 19-CV-0403 (RMS) (W.D. Wash. Mar. 22, 2019) (dismissing amended complaint for failure to state a claim and as frivolous); *Taylor v. DEA*, No. 18-CV-0687 (RSM) (W.D. Wash. Nov. 19, 2018) (dismissing complaint for failure to state a claim). Accordingly, the Court finds that Plaintiff is barred under Section 1915(g) and may only proceed IFP if his complaint shows that he was under imminent danger of serious physical injury at the time that he filed his complaint.[1]

**B.    Imminent Danger Analysis**

Plaintiff alleges the following:

From 2014 to 2019 FBI of New York took a bribe under the Racketeering Activity out of Seattle WA for treason and murder thru the construction development afford a source of influence. Christopher Taylor and others in the DEA where working a case on methamphetamines wearhouse in multiple states, New Yorks FBI neglected the case for murder on an officer of the DEA Christopher Michael Taylor. New York was under the Communication Act with Colorado and Seattle for a prison term against Christopher Taylor premedatited in commissions for facilities for murder for hire. FBI, DEA, Police Department, Marshalls, Sheriffs and Judges. Prosecutors told Christopher Taylor about New York & Colorado for murder in Colorado with the FBI knowing these crimes.[2]

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

(ECF 2, at 1.) These allegations does not suggest that at the time Plaintiff filed this action, he was under imminent danger of serious physical injury. Accordingly, the Court revokes Plaintiff's IFP status and dismisses this action without prejudice under the PLRA's filing bar. *See* § 1915(g).

## CONCLUSION

The Court revokes Plaintiff's IFP status and dismisses this action without prejudice under the PLRA's filing bar. 28 U.S.C. § 1915(g).[2] Plaintiff is barred from filing any federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[3] *Id.*

The Court directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action, and the Warden or Superintendent having custody of Plaintiff shall not deduct or encumber funds from Plaintiff's prison trust account for this lawsuit.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[2] Plaintiff may commence a new federal civil action by paying the relevant fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this Court (even if the relevant fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   January 3, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge